J. E. CARTER, Adm'r of J. A. WORRELL v. A. J. ROUNTREE, Adm'r of C. W. WORRELL, et. al.

*Judgments, Void, Irregular and Erroneous — When and How Relieved Against—Infants—Service—Fraud.*

1. A void judgment is one that has merely the form of a judgment, but is destitute of some essential elements; it has no force, and may be quashed on motion, or *ex mero motu*, and will be treated everywhere as a nullity.
2. An irregular judgment is one entered contrary to the method of procedure and practice of the Court; and, ordinarily, the mode of relief against it is by motion in the cause, whether the action has been ended or is still pending. Such motion may be made at any time within a reasonable period.
3. An erroneous judgment is one rendered contrary to law; it cannot be attacked collaterally, and remains in force until reversed or modified.
4. When a judgment is attacked *for fraud* the proper remedy is by motion in the cause, if the action is then pending, but if it has been ended by final judgment, an independent action must be instituted.
5. Upon a motion to vacate a judgment it is not required of the Court to set forth its finding of the controverted facts upon the record, unless a request to that effect is made by some of the parties to the proceeding, when it would be error to refuse the request.
6. The fact that an infant was not personally served with a summons, in a proceeding to sell lands to make assets, but service thereof was made upon his mother, is not such an irregularity as will authorize the vacation of order for sale and its confirmation, where it appeared that the infant was represented by a guardian *ad litem*. The irregularity was cured by the statute. *The Code*, § 387.

MOTION to set aside a judgment, heard at Spring Term, 1891, of HERTFORD Superior Court, *Bryan, J.*, presiding.

This is a motion in a special proceeding to set aside, for alleged irregularity and fraud, the orders directing a sale of the land, therein specified, to make assets to pay debts of a

testator, the proceeding having been determined before the motion was made.

The Court heard the motion and gave judgment setting the orders complained of aside. The plaintiffs and defendants filed affidavits in support of and against the motion, but it does not appear affirmatively that the Court found the facts, or based its judgment upon any finding of fact. The appellants assigned as error, first, that a motion in the cause was not a proper remedy; secondly, that the Court failed to find the facts on which its judgment was based.

*Mr. B. B. Winborne,* for plaintiff.
*Messrs. R. B. Peebles* (by brief) and *E. C. Smith,* for defendant.

MERRIMON, C. J.: A motion in the cause is the proper remedy, whether the action be ended or not, for mere irregularities in the course of the action, and it may be made at any time within a reasonable period. This is settled by many decisions of this Court. *Williamson* v. *Hartman,* 92 N. C., 239; *Fowler* v. *Poor,* 93 N. C., 466; *Morris* v. *White,* 96 N. C., 93; *Syme* v. *Trice,* Id., 243; *Smith* v. *Fort,* 105 N. C., 452; *McLaurin* v. *McLaurin,* 106 N. C., 331; and there are other cases.

It is well settled, that pending an action before the final judgment, an interlocutory order or judgment may be attacked for fraud by a motion or proceeding in the action, but after the final judgment the remedy for fraud is by an independent action brought for the purpose. See the cases cited *supra,* and other cases cited in Seymour's Digest (7th), p. 281, *et seq.*

The motion in this case is made in the form of a petition, setting forth specifically the grounds thereof. The form does not change or at all affect its nature and purpose. Indeed, in some cases of complication it would be well to specify and set forth the grounds thereof. The motion is

summary, and to specify the grounds would give it greater certainty and render it more intelligible.

As to the alleged irregularities complained of here, the motion in the proceeding is the appropriate and proper remedy. In as much as the proceeding is ended, as to the alleged fraud, the remedy is not by such motion, but by an independent action, as clearly pointed out in the cases cited *supra.* The motion need not fail, however, because of the allegations of fraud. These may be treated as surplusage, and it may be upheld as sufficient as to the alleged irregularities.

It does not appear, from the record, that the Court below found the facts from the evidence submitted to it in support of and against the motion. It may have done so, and probably did, without setting forth its findings in the record. It was competent for it to omit entering them. unless it had been requested by a party to so set them forth, so as to enable the party to take exception,. with a view to an appeal to this Court. In such case it would be the duty of the Court to comply with the request, and to refuse to do so would be error. *Millhiser* v. *Balsley,* 106 N. C., 433; *Holden* v. *Purifoy,* 108 N. C, 163. It does not appear affirmatively that the Court failed to find the facts, nor did the appellants request it to enter its findings on the record. The second exception cannot, therefore, be sustained.

It is our duty, however, to look through the record proper, and to see whether it warrants the judgment appealed from, although no exception appears. *Thornton* v. *Brady,* 100 N. C., 38; *Bush* v. *Hall,* 95 N. C., 82, and other like cases. We have examined the record, and are of opinion that it does not.

The evidence produced tended to prove that the order of sale and the sale of the land complained of, were fraudulent, and the Court may have founded its judgment upon the ground that they were so. That it did, does not, however,

appear. If it did, the judgment was not warranted, because the orders complained of could not be attacked for fraud by a motion in the cause. The Court ought not to have received evidence of such fraud, nor ought it to have based its judgment upon such ground. As we have seen, the orders could be attacked for fraud only by an independent action.

Judgments may be void, irregular or erroneous. A void judgment is one that has merely semblance, without some essential element or elements, as where the Court purporting to render it has not jurisdiction. An irregular judgment is one entered contrary to the course of the Court—contrary to the method of procedure and practice under it allowed by law in some material respect; as if the Court gave judgment without the intervention of a jury in a case where the party complaining was entitled to a jury trial and did not waive his right to the same. *Vass* v. *Building Association*, 91 N. C., 55; *McKee* v. *Angel*, 90 N. C., 60. An erroneous judgment is one rendered contrary to law. The latter cannot be attacked collaterally at all, but it must remain and have effect until by appeal to a Court of Errors it shall be reversed or modified. An irregular judgment may ordinarily and generally be set aside by a motion for the purpose in the action. This is so because in such case the judgment was entered contrary to the course of the Court by inadvertence, mistake or the like. A void judgment is without life or force, and the Court will quash it on motion, or *ex mero motu*. Indeed, when it appears to be void, it may and will be ignored everywhere, and treated as a mere nullity.

In this case, the Court had jurisdiction of the parties and the subject-matter of the proceeding. The defendant was a minor, and there was no service of the summons upon him personally, but service thereof was made upon his mother, as allowed by the statute (*Code*, § 217), and a guardian *ad litem* was appointed for him, who filed an answer for the infant defendant. The record shows that the order of sale

was entered, the land was sold and the sale confirmed. Regularly, the infant ought to have been served personally with process. The land specified in the petition was not very definitely described, but it was designated so as to be ascertained, and the report of the commissioner who sold it described it with more definiteness. Granting that there was irregularity, in that the summons was not served upon the infant defendant personally, the same was cured by the statute. *Code,* § 387. *Stancill* v. *Gay,* 92 N. C., 464; *Cates* v. *Pickett,* 97 N. C., 21. We are clearly of opinion that there was not such irregularity as warranted the judgment setting the order complained of aside.

It may be that these orders were tainted with fraud, but, as we have seen, the remedy for that is by an independent action.

The judgment must be reversed, and the motion in the cause denied.

Error.