JUDITH W. HARRISON et al. v. T. L. HARGROVE et al.

*Judgments and Decrees, when they may be vacated—Purchaser.*

1.  While Courts have the power to correct their records and set aside
    irregular judgments at any time, they will not exercise this power
    where there has been long delay or unexplained laches on the part
    of those seeking relief against the judgment complained of, espe-
    cially where the rights of third persons may be affected.

2.  The defendant purchased land under a decree in a proceeding by an
    administrator to sell land for assets, in which decree it was recited
    that the heirs at law and devisees of the decedent had been per-
    sonally served with process, took possession and remained therein
    for seventeen years, when the heirs and devisees, who, in the
    meantime, resided near him and had knowledge of his purchase
    and occupation, made a motion to vacate the decree for sale upon
    the ground that they had not, in fact, been parties to the proceed-
    ing to sell: *Held*, that the decree, so far as it affected the rights
    of the defendant purchaser, ought not to be set aside.

This was a CIVIL ACTION for the recovery of land, tried
before *Womack, J.*, at October Term, 1890, of the Superior
Court of VANCE County.

The material facts are stated in the opinion.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for plaintiffs.
*Messrs. E. C. Smith, A. W. Graham* and *M. V. Lanier*, for
defendants.

SHEPHERD, J.: This was an action of ejectment prosecuted
by Judith and Rebecca Harrison as the devisees of their
father, Robert Harrison. The defendant purchased the land
in controversy at a sale made by the administrator *c. t. a.* of
said Robert, pursuant to a decree of the Superior Court of
Granville County. The decree recited that personal service
of the summons had been made on the plaintiffs and other
devisees; and being unable to attack it collaterally, the

plaintiffs, in 1889, moved in the original cause (that is, in the special proceeding just mentioned) to set aside the said sale and decree on the ground that no service was, in fact, ever made upon them, and that there had been no appearance by any one in their behalf. The motion was allowed, the Court declaring the proceedings irregular and void, but at the same time requiring that all of the papers in the cause should remain on file for the use of the purchaser when his rights should be questioned. This order of the Judge was affirmed by this Court (*Harrison* v. *Harrison,* 106 N. C., 282), but owing to its peculiar terms, the rights of the defendant, a *bona fide* purchaser, were left undetermined and, so far as he is concerned, the question here presented is whether, as against him, the decree in a direct proceeding should have been set aside. We must of course treat in this way, for if the decree be considered now as absolutely set aside for want of jurisdiction of the parties, it is very clear that it can afford the defendant no protection, and it must also follow that the provisions of the order, apparently saving the rights of the purchasers and looking to the future litigation, would be ignored.

After very great consideration, we have concluded that the important question, so ably argued by counsel (involving, as they do, the conclusiveness of judical records and especially their recitals of jurisdictional facts), need not be passed upon in this appeal. It is generally stated that Courts will correct their records and set aside irregular judgments at any time, but where there has been long delay, and especially when the rights of third persons can be effected, they will require satisfactory explanation of such *laches* as, well as meritorious grounds for such relief.

Whatever may be the effect of setting aside a decree like this for want of service of process, it is well settled by our decisions and other authorities that the service being a secret one, and the record reciting the necessary jurisdictional

facts, such a decree is voidable only and comes within the principle we have just stated. *Doyle* v. *Brown,* 72 N. C., 393 ; 1 Womack's Digest, 2336 ; Freeman's Judgment, 116.

This principle requires the party making the application to act in good faith and with ordinary diligence, "and relief will not be granted if he has knowingly acquiesced in the judgment complained of, or has been guilty of *laches* or unreasonable delay in seeking his remedy." 1 Black, Judgments, 313.

Under the circumstances of this case, it seems very plain that we should not—as against this defendant—give any relief until the want of notice is negatived and the long delay explained. The decree and sale were made in 1870, and this action was brought in 1887. The motion to set aside the decree was made in 1889, and thus we have seventeen years or more of inaction on the part of the plaintiffs, who during all this time were under no disabilites whatever. In addition to this, the purchaser was in possession of the property, and there is evidence showing that these plaintiffs with their mother lived about three hundred yards distance on an adjoining tract. It is true that the mother, under the will, had a life-estate in the land, and that she did not die until 1887, but the land was, says the will, "to be used by her for the support of herself and all my children who may choose to live with her," etc. These plaintiffs having a right to be supported from said land during the life of their mother, and also entitled in remainder, could have moved to set aside the decree at any time after it was rendered, but, for some cause, they failed to do so until 1889.

Taking these circumstances, together with the fact that they must have known of the long and adverse possession by the defendant of the adjoining land; and we are entirely clear that we should not exercise this "*quasi* equitable" (Black on Judgments, *supra*,) power of the Court and grant the plaintiffs relief as upon setting aside the decree.

Indeed, if there is anything in the rule which requires long delay to be explained and knowledge of a decree to be negatived, we can conceive of no stronger case for its application than the present one. With the exception of the finding, on the motion to set aside, that the plaintiffs were not served with process and had no notice (and this must, of course, refer to the time of the decree), there is nothing in the record to negative any subsequent knowledge of the proceedings, nor is there any explanation of their acquiescence in the long possession of the defendant.

These circumstances, while insufficient to estop the plaintiffs, if there were no decree in their way, do, in our opinion (in view of the peculiar terms of the order mentioned), warrant the Court in refusing to treat the decree as having been set aside as to this defendant.

New trial.