The motion was as follows:
"We move the Court to amend the judgment rendered by Judge Graves in the above-entitled case, reported in 106th volume North Carolina Reports at page . . ., so that said judgment shall express the judgment of the court, so that the latter clause of said judgment shall read as follows: `And all the orders heretofore made in said action shall be allowed to remain upon the record for the purpose of protecting purchasers and others so far as in law they afford protection as to the interest of George Harrison, and for the purpose of allowing the purchasers having refunded to them the purchase-money paid for the land; but as against the parties to this proceeding, except George Harrison, to wit, Rebecca and Judith Harrison and Nancy Dement, the said judgment shall be absolutely void.'"
The movers put in evidence the certified copy of a part of the record from the Supreme Court to show that Mrs. Mary L. Hargrove, as executrix and sole devisee of T. L. Hargrove, was made party to the motion to set aside the order of sale. They also offered in evidence the deposition of the Hon. Jesse F. Graves, the pertinent parts of which were as follows:
"This was a motion made before the clerk of the Superior Court of Granville County to declare void and to vacate and set aside an order of sale in the special proceeding made on 3 December, 1870, and to set aside the sale made thereunder as to Rebecca Harrison, Judith Harrison, Nancy Dement (formerly Nancy Harrison) and Mary Harrison, T. L. Hargrove and D. A. Hunt, purchasers at the sale under said order, who appeared by counsel and resisted the motion to set (221) aside. On the trial before me all the proceedings were read and all the proofs offered, including the affidavits of T. L. Hargrove and D. A. Hunt, were heard and considered, and the whole motion was fully debated by counsel on both sides of the controversy. After hearing the whole matter, considering all the proofs and arguments of counsel, I found the facts as set out in the record of the Superior Court and as set out in the statement of the case on appeal sent up to the Supreme Court. The bearing of these facts on the questions of laches, long delay, estoppel and acquiescence was fully considered. After these questions had been fully argued by counsel I signed the judgment set out in the record, as follows:
"`Thereupon it is considered and adjudged by the court that the said order of sale made on 3 December, 1870, was irregular and not according to the course of the court as to the persons named as defendants, *Page 139 
to wit, Rebecca Harrison, Judith Harrison, Nancy Dement (formerly Nancy Harrison) and Mary Harrison, and is void as to them, and that the same be annulled and vacated as to them by this order, and that all the orders heretofore made in this action shall be allowed to remain upon the record for the purpose of protecting purchasers and others so far as in law they afford protection.'
"After considering all the matters alleged in the defense I rendered this judgment, and I intended thereby to finally declare that the proceeding in the probate court for the sale, and the sale made thereunder on 5 December, 1870, was irregular and not according to the course of the court, and was void for any purpose as to Rebecca Harrison, Judith Harrison, Nancy Dement (formerly Nancy Harrison) and Mary Harrison, for the reason that these parties had never been served with any process and have not appeared in person or by attorney. George Harrison had been notified by publication, (222) and I did not declare or intend to declare the proceedings void as to him, and the court was not asked to do so.
"It appeared that Hunt and Hargrove had paid the purchase-money, and I supposed they might be entitled to have their money refunded. It also appeared that Robert Harrison, from whom the land came, had made a will by which it occurred to me, in certain contingencies, the purchaser of the interest of George Harrison might become entitled to a greater estate than one share. Now, in order to save the purchasers whatever right they may have had to have the money they had paid refunded, and in order to save to them all their rights under the purchase of the interest or share of George Harrison, I added to the judgment which I signed, of my own motion, as I believe, these words: `And that all the orders heretofore made in this action shall be allowed to remain upon the record for the purpose of protecting purchasers so far as in law they may afford protection.' I did not intend to leave open any questions as to the defendants, Rebecca Harrison, Judith Harrison, Nancy Dement (formerly Nancy Harrison) and Mary Harrison, but I intended to adjudge that the order of sale and subsequent sale was void, and did not pass any title to the alleged purchasers, as to them or their interests. I intended to have had the judgment entered, and to have made it a final adjudication between the parties then in court, including the alleged purchasers, Hargrove and Hunt. It is probable I dictated the judgment to the clerk, and did approve and sign it, believing I had declared finally the order of sale and the sale made thereunder was void, except as to George Harrison's interest. If the judgment as rendered fails to accomplish the purpose above indicated it arises from inadvertence or mistake on my part." *Page 140 
His Honor, Judge Brown, found the facts to be true as stated (223) in the deposition of Judge Graves, but denied the motion to amend upon the ground that he had not the power to amend to the extent claimed, and also because the Supreme Court had affirmed the order and in effect declared it to be such as should have been made. From this refusal the movers appealed.
We listened with great interest to the argument of our able and learned brother in behalf of the appellants and have examined with much care the numerous authorities to which he referred. None of them we think go to the extent claimed by him. It is admitted that the order which is sought to be amended is precisely as the judge dictated it, and this order has been construed by the decision of this Court. Harrison v. Hargrove, 109 N.C. 346. It is now insisted that this construction is not what the judge intended, and we are asked to practically reverse our decision by allowing the order to be amended so as to convey the real intention of the judge in making it. Undoubtedly the courts have an inherent power to correct their records so as to make them speak the truth, but this principle does not apply here, as the record contains the exact language of the judge, and the only objection urged is that we have construed it erroneously, or that he did not express it in such a way as to convey his true meaning. It must be manifest that if such an amendment can be allowed there will never be an end to litigation. We think the ruling of his Honor should be
Affirmed.
(224)