MARY J. GLISSON, Administratrix of Daniel Glisson, v.
H. J. GLISSON et als.

(Filed 12 October, 1910.)

**Executors and Administrators—Sales—Judgments—Motion to Set Aside — Reasonable Time — Pleadings — Prima Facie Case —Coverture—Infants—Service.**

A decree and confirmation of sale by an administrator of the deceased, in proceedings to sell lands to make assets, will not be set aside as against a *bona fide* purchaser for value, upon motion of petitioners, claiming, as heirs at law, that they were infants at the time and not duly served with process, if not made within a reasonable time, and in the absence of allegation of such facts as will make out a *prima facie* case that they had a valid defense to the sale of the lands in the original petition to sell.   The statute of limitations for the commencement of actions is not applicable to the decision of such cases, and the coverture of female defendants is immaterial.

APPEAL from *Guion, J.,* at the February Term, 1910, of DUPLIN.

Motion in the above cause to vacate and set aside the decree of sale and confirmation entered in above cause 9 February, 1883, in behalf of Kate Rackley, Florence Glisson and Theodocia Spellman.   Issues of fact were submitted to a jury at February Term, 1910, of the Superior Court of Duplin County.

1. When was the petitioner Kate Rackley born?   Answer: 1862.

2. Were the petitioners Kate Rackley, Florence Glisson and Theodocia Spellman served with summons in the special proceedings to sell the land of Daniel Glisson to make assets to pay debts, entitled Mary Glisson, admrx., v. Florence Glisson et als.? Answer: No.

3. Were the petitioners Florence Glisson and Theodocia Spell-

man married prior to the institution of the action to sell land to make assets, and were their husbands living at the time? Answer: Yes.

4. Were the other devisees under the will of Daniel Glisson and children of Robert Glisson served with summons in the action of Mary Glisson, admrx., to sell the land of Daniel Glisson? Answer: No.

5. Did F. M. Roberts, in good faith and without any notice of any actual defect in the proceedings under which the land described in this proceeding were sold, buy said land at such sale? Answer: Yes.

The court charged the jury that if they believed the evidence they would answer the issues and each of them as found in the record. To the submission of the fifth issue and the charge upon it the petitioners excepted, and from the ruling ·and judgment of the Court appealed.

*Kerr & Gavin* for petitioners, appellants.
*Stevens, Beasley & Weeks* for appellee, Mrs. F. M. Roberts.

BROWN, J. The case of *Rackley v. Roberts,* 147 N. C., 204, is an original action brought by petitioner Kate Rackley to set aside the decrees, sale, deed, etc., made in this special proceeding of *Glisson v. Glisson* upon the ground of fraud.

In the opinion it is held that the proceeding cannot be attacked collaterally in that case and the decrees in it set aside for irregularity. It is also held that no issue of fraud was submitted in due form, as it should have been, and that no evidence of fraud was set out in the record.

The cause was sent back for a new trial and we presume is pending in the Superior Court of Duplin County.

The petitioners now move in the original special proceeding to set aside the decrees therein for irregularity.

In the view we take of the matter it is unnecessary to consider the specific assignments of error, for upon the entire record the petitioners are not entitled to have the decree now vacated for irregularity. It appears that while petitioners were not served with summons a guardian *ad litem* was appointed for them who

employed reputable counsel who appeared in behalf of these petitioners, then infants, and filed an answer raising issues which were transferred to the Superior Court for trial.

The decree of sale is not in this record, but evidently a decree was entered, for the sale was made and confirmed by decree of 6 February, 1883. The deed from the administratrix Mary Glisson, to the purchaser Mrs. F. M. Roberts is dated 16 February, 1883, and recites the payment of the purchase money. Mary Glisson died in 1903. The petitioner Kate Rackley was born in 1862, Theodocia Spellman was born in 1857 and Florence Glisson was born in 1859. The fact that they were married at the time the special proceeding was commenced is immaterial. We are not now dealing with statutes of limitation affecting the commencement of actions.

An irregular judgment, or decree, such as the one sought to be set aside, is one entered contrary to the method of procedure and the practice of the court. A motion in the cause is the proper remedy, and may be made at any time within a *reasonable period*. This is held in many cases. *Carter v. Rountree,* 109 N. C., 29, and cases cited.

It is true that courts have power to connect their records and set aside irregular judgments at any time, but it is settled practice that they will not exercise the power where there has been long delay or unexplained and unwarranted laches on the part of those seeking relief against the judgment. *Harrison v. Hargrove,* 109 N. C., 346; *Carter v. Rountree, supra.* The decree was made 9 February, 1883, and this motion made 16 December, 1908. The administratrix had died and a quarter of a century elapsed before petitioners moved in this cause. This is certainly a most unreasonable delay and we are unable to discover anything in the record which excuses it. Coverture is no excuse, and even that would not help Theodocia Spellman who became discovert in 1885.

Not only do petitioners fail to offer any satisfactory excuse for such laches, but they fail to allege meritorious grounds for the relief asked.

It is true they vaguely allege in their petition, "That there were very few valid and *bona fide* debts against the estate of the

said Daniel Glisson, and this affiant verily believes that the personal property would have paid said debts." But on the hearing they offered no evidence whatever to the court in support of such belief and nothing to show that they had any defense against the original petition to sell the land for assets, even if the decree should be set aside and petitioners permitted to answer. They offered nothing tending to controvert the allegations of the original petition.

The petitioners should have set forth facts instead of vague and general allegations and presented them to the court showing *prima facie* a valid defense, and the validity of that defense is for the court and not for the petitioner to determine.

Unless the Court can now see reasonably that defendants had a good defense, or that they could make a defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside. *Jeffries v. Aaron,* 120 N. C., 169; *Cherry v. Canal Co.,* 140 N. C., 423.

The administratrix is now dead and the evidences of the indebtedness of Daniel Glisson doubtless destroyed or lost after a lapse of 25 years most extraordinary circumstances must be shown to justify us in setting aside the decree of sale for irregularity.

Affirmed.