### Z. V. RAWLS v. OTTO HENRIES AND MARY REEL.

(Filed 11 October, 1916.)

**1. Judicial Sales—Infants—Parties—Decrees—Record — Irregularities—Evidence—Innocent Purchasers.**

Where the testator has died in 1878, leaving a remainder in an estate to plaintiff's grantor, with life estate to the widow, who has since died, in 1914, the deed under which the plaintiff claims being executed in 1913, and it appears that proceedings were had by the executor of the testator in 1878 to sell the lands to pay his debts, the entries of record showing issuance and service of summons, order and report of sale, and final decree in 1878; that plaintiff's grantee was then a minor about 18 years of age, with evidence tending to show that he had filed answer by his general guardian, or guardian *ad litem*, which disappeared from the court and could not be found after due and diligent search: *Semble*, the proceedings for the sale of the lands were in all respects regular, and *Held*, the courts will not disturb them as against the grantee of an innocent purchaser for value holding under a deed executed in 1879, without question of title.

RAWLS *v.* HENRIES.

**2. Judicial Sales—Infants—Parties—Summons—Service—Irregularities—Motions in Cause.**

> Where an infant party to an action has not been personally served with summons, and it is shown that his general guardian or guardian *ad litem* appeared and filed an answer for him: *Held,* the failure to serve the minor personally was only an irregularity, to be corrected, if at all, by motion in the cause, and then only upon a show of merits and where the complaining party has proceeded with proper diligence.

CIVIL ACTION tried before *Whedbee, J.,* at May Term, 1916, of PAMLICO, a jury trial having been formally waived.

On the facts as found by the court there was judgment for defendants, and plaintiff excepted and appealed.

*Moore & Dunn, D. L. Ward, and A. D. Ward for plaintiff.*
*C. L. Abernethy for defendant.*

HOKE, J. The land was owned by Thomas Holton, who died on or before 1878, leaving a last will and testament in which he devised the land to his wife for life, remainder to A. D. Holton, his nephew. The widow died in 1914. The plaintiff claimed the land under a deed from A. D. Holton, devisee, executed in 1913. Defendants claimed as heirs at law of L. D. Henries, who held same under a deed from Josephus Linton and wife, Josephine, dated in June, 1879, and offered evidence tending to show that defendants and those under whom they claimed had since been in possession, asserting ownership under said deed.

It appeared that Josephus Linton held under a deed from Charles H. Fowler, bearing date in February, 1879. Fowler had bought at a judicial sale, in which the land was sold under a decree of Superior Court of Pamlico County, before clerk and on petition duly filed by Josephus Linton, executor of Thomas Holton, and Emeline and A. D. Holton, his heirs at law, to make assets to pay the debt of said Thomas Holton, and in which the special proceedings docket showed entries as follows:

"Summons issued 4 April, 1878.

Summons served 15 April, 1878.

Order of sale 20 April, 1878.

Report of sale 18 July, 1878.

Final decree approved 19 November, 1878."

And these proceedings approved by the judge of the Superior Court in term.

The summons in the cause showed return as follows: "Received 12 April, 1878. Served 15 April, 1878."

There were also facts in evidence tending to show that an answer for the said A. D. Holton, then 17 or 18 years of age, was duly filed by one

Hooker, as guardian *ad litem* for said A. D. Holton, or by W. D. Hooker, his general guardian; that same had disappeared from the court proceedings and could not be found after due and diligent search. It was further shown that W. R. Hooker had qualified as general guardian of A. D. Hooker, and, on a settlement, had paid him a small amount of money, a residue from proceeds of land sale.

On part of plaintiff there was evidence tending to show that defendant's actual occupation of the land had not been more than five or six years, and, further, that the summons had not been personally served on A. D. Holton, the minor.

Upon these, the facts chiefly relevant, his Honor was clearly right in his judgment that plaintiff was not entitled to recover.

The facts in evidence strongly tend to show that the proceedings were in all respects regular and that defendant's title has never been open to question; but were it otherwise, and by reason of the fact that summons was not personally served on the minor, our authorities are very uniformly to the effect that the interest of the minor having been presented and an answer having been filed by his general guardian or guardian *ad litem*, the failure to serve on the minor personally was only an irregularity, to be corrected, if at all, by motion in the cause. *Harris v. Bennett*, 160 N. C., 339; *Glisson v. Glisson*, 153 N. C., 185; *Rackley v. Roberts*, 147 N. C., 201; *Carraway v. Lassater*, 139 N. C., 145; *Carter v. Rountree*, 109 N. C., 29; *Matthews v. Joyce*, 85 N. C., 258. And these authorities are to the effect that, even when properly applied for, an irregular judgment is not to be set aside as a conclusion of law because of the irregularity, but only on a show of merits and when the complaining party has proceeded with proper diligence.

Speaking to the question, in *Becton v. Dunn*, 137 N. C., pp. 559-62, the Court said: "The authorities are all to the effect that an irregular judgment may be set aside at a subsequent time independent of section 274 of The Code, citing *Wolfe v. Davis*, 74 N. C., 597. This is not done as a matter of absolute right in the party litigant, but rests in the sound legal discretion of the court. It is always required that the complaining party should show that some substantial right has been prejudiced, and he must proceed with proper diligence and in a reasonable time." And on the facts of this record, no court would disturb this proceeding to the prejudice of an innocent purchaser who has now held the land under his deed since June, 1879, and without question as to title so far as appears. *Harris v. Bennett, supra; Glisson v. Glisson, supra.*

There is no error, and the judgment of his Honor is
Affirmed.