SNOW HILL LIVESTOCK CO. v. ELIJAH ATKINSON ET AL.

(Filed 4 March, 1925.)

**Judgments—Irregularities—Appeal and Error—Statutes—Laches.**

> Negligence before judgment of a defendant in failing to appear and defend in an action prosecuted to judgment by default for the want of an answer will defeat his right to have the judgment set aside for excusable neglect under our statute C. S., 600, but will not affect his right to have an erroneous judgment corrected on appeal or an irregular judgment vacated, in the absence of laches, on motion, after notice thereof and upon his showing that his rights have thereby been prejudiced.

APPEAL by plaintiff from *Barnhill, J.,* at December Term, 1924, of JOHNSTON.

Civil action tried at April Term, 1923, upon the following issues:

"1. Is the plaintiff the owner and entitled to the possession of the mules described in the affidavits? Answer: 'Yes.'

"2. What was the value of the mules at the time of the seizure? Answer: '$600.00.'

"3. In what amount is the defendant indebted to the plaintiff? Answer: '$75.00 and interest.'"

Judgment against the plaintiff and in favor of the defendant in the sum of $525.00 and costs.

. Motion by plaintiff at September Term, 1923, heard finally at December Term, 1924, to set aside and vacate judgment. Motion overruled; plaintiff excepts and appeals.

*Langston, Allen & Taylor for plaintiff.*
*Ed. S. Abell for defendant.*

STACY, J. This is an appeal from a refusal to set aside and vacate an alleged irregular judgment. Suit was instituted on 24 March, 1921, to recover on several promissory notes, aggregating $700.00, due the plaintiff by defendants, and to foreclose a chattel mortgage given as security therefor, the mortgaged property being taken under an ancillary writ of claim and delivery at the time of the issuance of summons. No pleadings were ever filed in the case, either complaint or answer, and the plaintiff, was not present and did not know of the trial of the cause until sometime after the adjournment of the April Term, 1923.

The plaintiff has its principal place of business in Wayne County, and the defendants reside in Johnston County. Upon the verdict, the court adjudged that the plaintiff had converted the mortgaged property to its own use and signed judgment against the plaintiff for the difference between $600.00, the value of the property, and $75.00, the amount due plaintiff by defendants, as found by the jury, and taxed the plaintiff with the costs. The judgment was not in the alternative, as is customary in claim and delivery proceedings. *Hall v. Tillman,* 110 N. C., 220.

It could hardly be maintained that this is not an irregular judgment, as it was entered contrary to the usual course and practice of the court. *Becton v. Dunn,* 137 N. C., 559; *Gough v. Bell,* 180 N. C., 268. Apparently it is based on neither allegation nor sufficient finding by the jury, and the plaintiff is taxed with the costs, which would seem to make it also an erroneous one, though an erroneous judgment should be corrected by appeal. *Duffer v. Brunson,* 188 N. C., p. 791.

Upon the plaintiff's showing of reasonable diligence and a meritorious defense, as found by his Honor below, we think the motion to set aside

and vacate the judgment should have been allowed and the cause restored to the docket for trial on its merits. *Duffer v. Brunson, supra,* and cases cited. Negligence before judgment will defeat a party's right to have a judgment, regularly entered, set aside or vacated on the grounds of mistake, inadvertence, surprise, or excusable neglect under C. S., 600, but such negligence need not bar the right of the complaining party to have an erroneous judgment corrected by appeal, or an irregular judgment vacated on motion where he moves with proper diligence, after notice of such judgment, and is able to show that his rights have been wrongfully prejudiced thereby. *Cox v. Boyden,* 167 N. C., 320.

Error.