BERTHA LOVE SIMMS AND HUSBAND, JAMES SIMMS, v. CLIFTON SAMPSON AND WIFE, BERT DIAL SAMPSON, ROSCOE SAMPSON AND WIFE, PATTIE SAMPSON; EMMA SAMPSON CLARK AND HUSBAND, BUD CLARK; MARY SAMPSON BREWER AND HUSBAND, JAMES BREWER; EULA MAE CHAVIS AND HUSBAND, GOLDON CHAVIS; FODIE BELL AND HUSBAND, CHARLIE BELL; JOHN SMITH AND WIFE, MRS. JOHN SMITH; ROB FRENCH AND WIFE, ROSA FRENCH; JOE FRENCH AND WIFE, LAURA FRENCH; DAN HALLOWAY, INCOMPETENT; ED FRENCH, SINGLE; BESSIE PITTMAN AND HUSBAND, JIM PITTMAN; CHARLES FRENCH AND WIFE, ———— FRENCH; JETTIE FRENCH AND HUSBAND, ———— FRENCH; LEE FRENCH AND WIFE, ROBIE FRENCH; BRADY FRENCH; MARGARET FRENCH PRATT AND HUSBAND, BOB PRATT; E. M. SMITH AND WIFE, SABRA J. SMITH;

SIMMS *v.* SAMPSON.

NELSON SMITH AND WIFE, MRS. NELSON SMITH; JOSEPHINE SMITH, WIDOW; MILES A. SMITH AND WIFE, ADDIE SMITH; JAMES B. SMITH; MRS. JAMES B. SMITH; ROWLAND SMITH AND WIFE, MRS. ROWLAND SMITH; MARY C. SMITH AND HUSBAND, ED SMITH; SALLIE J. CHAVIS AND HUSBAND, BEDDIE CHAVIS; LULA WILKINS AND HUSBAND, GOVERNOR WILKINS; AGATHA THOMAS AND HUS-BAND, CUB THOMAS; JESSIE BELLE MAYNOR AND HUSBAND, DOYLE MAYNOR; FRANK SMITH AND WIFE, EMMA JANE SMITH; ELIZA SMITH, SINGLE; JAMES W. SMITH AND WIFE, LELA SMITH; ROBERT SMITH AND WIFE, MRS. ROBERT SMITH; WINNIE F. CARTER AND HUSBAND, NATHAN CARTER; MARY E. CARTER, WIDOW; MARY ELIZA SMITH, INFANT; CALVIN COOLIDGE SMITH, INFANT; BER-NICE SMITH, INFANT; LOTTIE SMITH BELL; W. B. BOWENS; RUFUS BOWENS AND WIFE, PEARLIE BOWENS; FANNIE REVELS AND HUSBAND, CARSON REVELS; ROSANNA HAMMONDS AND HUS-BAND, PAXTON HAMMONDS; J. C. (CANT) SMITH AND WIFE, SALLIE SMITH; ALFRED SMITH AND WIFE, MRS. ALFRED SMITH; PENNIE HOLMES AND HUSBAND, IRA HOLMES; SANDY SMITH AND WIFE, WESSIE SMITH; MARY BELLE SMITH, WIDOW; CHARLES SMITH; MARGARET SMITH; MURIETTE SMITH; HENRY SMITH; HORACE SMITH; WHEATTY SMITH; CHESTER SMITH AND WIFE, MRS. CHESTER SMITH; MARY McLEAN AND HUSBAND, ARTHUR McLEAN; EVA MAYNOR, WIDOW; WALTER SMITH AND WIFE, CARRIE SMITH; LEE SMITH AND WIFE, LILLIE SMITH; SADIE McKAY AND HUSBAND, GASTON McKAY; MATTIE BELLE TABRON AND HUSBAND, HENRY TABRON; ALONZO CARTER, WIDOWER; WILL CARTER, WIDOWER; SUSIE CARTER LOCKLEAR AND HUSBAND, ———— LOCKLEAR; RUTH CARTER; WILTON CARTER; DAVID CARTER AND WIFE, EFFIE CARTER; JOHN PONE; DONNIE LOU PONE; MINNIE E. CARTER, WIDOW; NATHAN CARTER AND WIFE, WINNIE F. CARTER; COLDON A. CARTER AND WIFE, THELMA CARTER; WINSTON CAR-TER AND WIFE, BESSIE CARTER; PRENTICE CARTER, SINGLE; LENNON CARTER, SINGLE; CORRIE CHAVIS AND HUSBAND, WILL CHAVIS; CALLIE SMITH AND HUSBAND, ROWLAND SMITH; NO-VELLA RAVELS, WIDOW; BESSIE BREWINGTON AND HUSBAND, JAMES BREWINGTON; MINERVA CARTER, WIDOW; LOCK CARTER AND WIFE, LOUISA CARTER; LENA CARTER HUNT AND HUSBAND, QUINNIE HUNT; FODIE BELL GRAHAM AND HUSBAND, BETHEL GRAHAM; HATTIE SAMPSON BELL AND HUSBAND, CHARLES BELL; AND ANY AND ALL OTHER HEIRS AT LAW OF NELSON SMITH AND WIFE, ELIZA SMITH, LATE OF ROBESON COUNTY, N. C., AND ANY AND ALL OTHER PERSONS WHO MAY CLAIM OR HAVE AN INTEREST IN AND TO THE LANDS OF NELSON SMITH.

(Filed 5 June, 1942.)

1. **Judgments § 22g—**

It is not required that movants show excusable neglect in order to be entitled to set aside a judgment on the ground of irregularity, C. S., 600, not being applicable.

2. **Judgments §§ 17b, 22g—**

Where answer is not filed the relief to which petitioners are entitled is limited to that demanded in and supported by allegations of the petition,

and respondents can be concluded thereby only to this extent, and when the judgment grants relief in excess thereof it is irregular and respondents are entitled to have it set aside. C. S., 606.

**3. Same: Partition § 5—Decree of sale for partition held to grant relief in excess of that demanded and was irregular as to respondents who failed to file answer.**

The petition in this partition proceeding alleged that the petitioners and respondents, some eighty-five in number, are tenants in common as heirs at law of the original owners of the land who died intestate. Some of respondents did not file answer. Judgment was entered to the effect that only a few of the parties had any interest in the land and that other parties, including respondents who failed to answer, had no interest therein. *Held:* The judgment was irregular and may be set aside upon motion aptly made by respondents who failed to answer, the interest of such respondents as set out in the petition being a sufficient showing of a meritorious defense.

**4. Same—Motion to set aside verdict is not necessary to attack of judgment for irregularity when it is apparent that verdict was reached by consent of parties who filed pleadings and was not found by the jury.**

The petition in this partition proceeding alleged that the original owners of the land died intestate leaving seven children, and that the parties, petitioners and respondents, some eighty-five in number, were tenants in common as heirs at law. Some of respondents did not file answer. Two respondents filed answer alleging that the original owners had only two children and that these respondents are entitled to a one-half interest as heirs at law of one of them (although the petition alleged other descendants of the ancestor under whom these respondents claim), and that they and the heirs of the other child of the original owners had been in adverse possession of the *locus in quo* for more than twenty years. Judgment was entered that each of the answering respondents was entitled to a one-fifth interest, that the heirs of the other child named by the answering respondents were entitled to a two-fifths interest, and that the heirs of a third child, named in the petition, were entitled to a one-fifth interest. No evidence was offered for the consideration of the jury. *Held:* It is apparent that the verdict was reached pursuant to the consent of the parties and that the jury was directed to answer the issues, and therefore, upon motion of the respondents who failed to answer to have the judgment set aside for irregularity, the contention that since there was no motion to set aside the verdict, the verdict would stand although the judgment should be set aside, and that the judgment would have to be re-entered in accordance with the verdict, is untenable.

**5. Judgments § 22g—**

A judgment will not be set aside for mere irregularity, but respondents must show a meritorious defense.

**6. Infants § 14: Insane Persons § 15—**

Where a guardian *ad litem* for infants and incompetents is appointed on the day of trial, and such guardian accepts service and copies of the pleadings, and files his answer the same day, the judgment is irregular and may be declared void or set aside. C. S., 451, 557.

**7. Judgments § 22a: Partition § 5—**

In an action to set aside a decree of sale for partition for irregularity the purchaser at the sale is a necessary party.

**8. Same: Judicial Sales § 7—**

An attorney of record in this proceeding to sell lands for partition purchased the property at the sale. Thereafter certain of respondents moved to set aside the decree of sale on the ground of irregularity. *Held:* The attorney of record cannot maintain that he is an innocent purchaser for value.

APPEAL by respondents, E. M. Smith, Nelson Smith, *et al.*, from *Williams, J.*, at October Term, 1941, of ROBESON.

1. This is a special proceedings instituted before the clerk of the Superior Court of Robeson County, on 19 April, 1940, for a partition for sale of certain lands.

2. The petitioners allege that about the year 1884 Nelson Smith and wife, Eliza Smith, died intestate in Robeson County, seized and possessed at the time of their death of a tract of land near the town of Lumberton, N. C., containing ten acres, more or less, said land being described by metes and bounds in the petition. The said Nelson Smith and wife, Eliza Smith, left them surviving as their sole heirs at law, seven children, all of whom are now dead, and who left them surviving the petitioners and respondents to this proceedings.

3. The petitioners, who claim with certain of the respondents under one of the seven children of Nelson Smith and wife, Eliza Smith, a one-seventh undivided interest in the lands described in the petition, made all persons interested parties respondent, setting forth in the petition and amended petition the respective interests of each, and caused them to be served with process, either personally or by publication.

4. The petitioners allege that Mary Smith, one of the seven children of Nelson Smith and wife, Eliza Smith, died many years ago and left surviving her as her only heir at law, John Smith; that John Smith left the State of North Carolina many years ago and his whereabouts is unknown.

5. Sadie McKay and her husband, J. S. McKay, and Eva Maynor filed an answer 14 May, 1940, and admitted all the material allegations in the petition, and further alleged that John Smith, the alleged son of Mary Smith, is dead or is by law presumed to be dead, and died intestate and without issue, and that the interest of these respondents in the lands described in the petition is therefore increased, as they inherit through him their proportion of his interest.

6. Walter Smith filed an answer, 13 July, 1940, identical in every respect to the answer filed by Sadie McKay *et al.*

7. On 7 May, 1940, Mary McLean and her husband filed an answer and admitted all the material allegations of the petition and alleged that they are of the opinion that John Smith, the alleged son of Mary Smith, is by law presumed to be dead, without issue; and, if that be true, that the interest of these respondents would be a one-thirtieth interest instead of a one-thirty-sixth interest. (The petition alleges Mary McLean is entitled to a one-forty-second interest in said lands.)

8. All the above answering respondents claim an interest in the lands described in the petition as heirs of Bill Smith, son of Nelson Smith and wife, Eliza Smith.

9. David Carter and Winston Carter filed an amended answer to the amended petition on 15 June, 1940. The amended petition, in paragraph 2, alleges that all the parties to this proceedings (approximately eighty-five in number), are tenants in common, are owners and in possession of the lands described in paragraph 1 of the petition. These respondents answer paragraph 2, as follows: "2. Answering article two of the petition, these answering defendants admit that Bertha Love Simms, and these answering defendants, together with Rob French, Joe French, Ed French, Bessie Pittman, Charles French, Lee French, and Grady French, are tenants in common, and are in possession of the lands set out and described in article one of the petition, and are the owners in fee simple thereof, and except as herein admitted, these answering defendants have no knowledge, information or belief as to the other matters and interests set out in article two in the petition, and, therefore, deny the same." Paragraph 5 of the amended petition is as follows: "That Nelson Smith and wife, Eliza Smith, died intestate during the year 1884 and left surviving them, as sole heirs at law, the following: Pattie Sampson; Mary Smith; Frances Smith French; James Smith; Hardy Smith; Bill Smith and Carolina Carter." All other answering respondents admit the allegations contained in paragraph 5 of the amended petition, but these respondents answer it as follows: "Answering article five of the petition, these answering defendants admit that Nelson Smith and wife, Eliza Smith, are dead, and left surviving them as their heirs at law, Frances Smith French and Carolina Carter, and that these answering defendants are lineal descendants of the said Carolina Carter, who was before her marriage Carolina Smith, and Frances Smith French, who was before her marriage Frances Smith, who is dead, and left surviving as her sole heirs at law, Rob French, Joe French, Ed French, Bessie Pittman, Bertha L. Simms, Charles French, Lee French, and Grady French, and, therefore, these answering defendants, together with the lineal descendants of Frances Smith French, are tenants in common and are in possession of and are the owners in fee simple of the lands set out and described in article one of the petition; and except as herein admitted, paragraph five is denied."

These respondents further allege: "(a) Bertha Love Simms, Rob French, Joe French, Ed French, Bessie Pittman, Charles French, Lee French, and Grady French, as a class, are the owners in fee simple of an undivided one-half interest in said lands. (b) That these answering defendants, David Carter and Winston Carter, as they are advised, informed and believe and so allege, are the owners in fee simple, as a class, of an undivided one-half interest in said lands, and except as herein admitted, these answering defendants say that they have no knowledge, information or belief as to the truth of the matters and things set out in article ten of the petition, other than herein admitted both in paragraph two and in this paragraph, and, therefore, deny the same."

10. It appears from the record that the moving respondents, the appellants herein, some 65 in number, whose interest, as they contend, was properly set forth in petitioners' pleadings, filed no answer or answers in this cause, being advised, some by the clerk of the court, some by the attorney for the petitioners, and some by another attorney, that such was unnecessary if the interest of each was properly set forth in the petition, and that in due time each would receive his or her distributive share in the same. No attorney was employed to represent these appellants until after the entry of the judgment which they seek to have set aside.

11. On 12 December, 1940, the attorney for the petitioners made application to his Honor, J. Paul Frizzelle, then holding the December Civil Term of Superior Court for Robeson County, to appoint a guardian *ad litem* to represent and protect the interest of five named respondents who were minors and Dan Halloway, incompetent, and all other minors or incompetents, claimants, known or unknown, born or unborn, in and to the premises described in the petition, alleging all of them to be without general or testamentary guardian, and further alleging that said parties had been duly served with summons in this proceedings. A guardian *ad litem* was appointed for said parties, who accepted the appointment, accepted service of summons, copy of the petition and the amended petition, and filed his answer the same day the application was made for his appointment.

12. On 12 December, 1940, the case was tried in the Superior Court of Robeson County. Issues were submitted to and answered by the jury as follows:

"1. What interest does the defendant, respondent, Dave Carter have in and to the lands described in the petition? Answer: 'An undivided one-fifth interest.'

"2. What interest does the defendant, respondent, Winston Carter have in and to the lands described in the petition? Answer: 'An undivided one-fifth interest.'

"3. What interest do the heirs of Bill Smith, as named in paragraph 6, Section F. of the petition, have in the lands described in the petition? Answer: 'An undivided one-fifth interest.'

"4. What interest do the heirs of Frances Smith French have in the lands described in the petition? Answer: 'An undivided two-fifths interest.'

"5. What interest do the other parties to the proceedings have in the lands described in the petition? Answer: 'None.'"

Judgment was entered in accordance with the verdict. The court found as a fact that an actual partition of the lands described in the petition could not be made without injury to the petitioners and respondents, and further found as a fact that it would be more advantageous to sell said land and appointed a commissioner to sell same at public auction, for cash, at the courthouse door of Robeson County, on 20 January, 1941, after advertising said lands as provided in the judgment.

13. On 14 December, 1940, W. S. Britt, attorney of record for David Carter and Winston Carter, purchased the interests of the said David and Winston Carter and received a deed therefor. Thereafter, pursuant to the order of court, the commissioner sold the land described in the amended petition on 20 January, 1941, when and where W. S. Britt became the last and highest bidder in the sum of $4,000.00.

14. Upon verified motion of appellants, his Honor, Q. K. Nimocks, Jr., Judge presiding, at chambers in the courthouse, Lumberton, N. C., on 27 January, 1941, signed an order directing the appellant, W. Osborne Lee, commissioner, and W. S. Britt, to show cause why the judgment heretofore entered in this cause should not be set aside. Order was returnable on 6 February, 1941, before the Judge presiding over the term of Superior Court for Robeson County beginning 3 February, 1941.

The hearing on said order to show cause was continued from time to time until the October Term, 1941, of the Superior Court of Robeson County. W. S. Britt, on 5 March, 1941, made a special appearance and moved to dismiss the motion filed in this cause to set aside the judgment against him, for the reason that he is not a party to the proceedings, and for the further reason that he is an innocent purchaser for value, and acquired his interest pursuant to the terms of said judgment.

Appellants moved to make W. S. Britt a party to the proceedings. This motion, and the motion to set aside the judgment rendered at the December Civil Term, 1940, were heard by his Honor, Clawson L. Williams, Judge holding courts in the Ninth Judicial District, October Term, 1941, of Robeson County. His Honor adjudged and decreed, in the discretion of the court, that both of said motions be denied and entered judgment accordingly; and, ratified and confirmed the former judgment and the proceedings pursuant thereto.

13—221

From the foregoing judgment, the respondents appeal to the Supreme Court and assign error.

*W. Osborne Lee, W. S. Britt, and McKinnon & Seawell for petitioners, appellees.*

*Leslie J. Huntley, Jr., and Varser, McIntyre & Henry for respondents, appellants.*

DENNY, J.  If the judgment entered in this proceedings at the December Civil Term, 1940, of the Superior Court of Robeson County, is irregular, the motion to set it aside should have been allowed.

The appellees contend that the appellants are relying solely for relief upon the authority to set aside a judgment under the provisions of C. S., section 600; and that an application for relief thereunder is addressed to the sound discretion of the trial judge.  *Bank v. Foote,* 77 N. C., 131; *Norton v. McLaurin,* 125 N. C., 185, 34 S. E., 269; *Dunn v. Jones,* 195 N. C., 354, 142 S. E., 320.  It is further contended that the appellants were negligent in that they failed to employ counsel, and that the courts will come to the aid of a party who has been made the victim of the negligence of an attorney under contract; but not where the party failed to employ counsel and relied on the advice of court officials, attorneys of record in the case or other attorneys not employed by the party.  We concede that it is unsafe practice for parties to a legal proceedings in court to fail to employ competent counsel to represent them.  However, the facts as disclosed in this proceedings, in the record and briefs, make it unnecessary for the appellants to rely upon excusable neglect in order to obtain the relief sought.  "Section 600 of the Consolidated Statutes, relating to mistake, surprise and excusable neglect, has no application to an irregular judgment."  *Duffer v. Brunson,* 188 N. C., 789, 125 S. E., 619; *Becton v. Dunn,* 137 N. C., 559, 50 S. E., 289.

In the case of *Carter v. Rountree,* 109 N. C., 29, 13 S. E., 716, the Court said: "Judgments may be void, irregular or erroneous.  A void judgment is one that has merely semblance, without some essential element or elements, as where the court purporting to render it has not jurisdiction.  An irregular judgment is one entered contrary to the course of the court—contrary to the method of procedure and practice under it allowed by law in some material respect; as if the court gave judgment without the intervention of a jury in a case where the party complaining was entitled to a jury trial and did not waive his right to the same.  *Vass v. Building Assn.,* 91 N. C., 55; *McKee v. Angel,* 90 N. C., 60.  An erroneous judgment is one rendered contrary to law.  The latter cannot be attacked collaterally at all, but it must remain and have effect until by appeal to a court of errors it shall be reversed or

modified.   An irregular judgment may ordinarily and generally be set aside by a motion for the purpose in the action."

The appellees in the instant case contend that since the judgment followed the verdict and no motion has been made to set aside the verdict, if the judgment is set aside the verdict will still stand and judgment would have to be re-entered in accordance with the jury's finding.   They further contend that the judgment recites the fact that a verdict was rendered which negatives any contention that the judgment was by default.

It seems to be the general rule that where no answer is filed the petitioner is limited to the relief demanded in the petition.   But if the respondent answers, the court may grant any relief which is consistent and embraced within the issues raised by the pleadings.   Where, however, respondent does not answer, but makes default, the relief granted to petitioner cannot exceed that which he has demanded and that necessarily incident thereto.   A judgment by default in violation of this rule is irregular and erroneous.   33 C. J., Judgments, sec. 89, p. 1146, and again, in sec. 101, p. 1163: "In amount, as in other respects, a judgment must conform to, and be supported by, the pleadings and the proof.   A judgment without proof for more than the amount admitted to be due cannot stand, and a judgment for less than the proof warrants is erroneous."

The petitioner, where no answer is filed, is prohibited by statute and the decisions of this Court from obtaining relief in excess of that demanded in the petition.   Consolidated Statutes of North Carolina, sec. 606, provides: "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

When respondents do not answer, they are concluded by the decree only so far as it is supported by the allegations in the petition, and if it gives relief in excess of or different from that which the petitioner is entitled to under the petition, it may be set aside.   McIntosh N. C. Prac. & Proc., 714; *Jones v. Mial,* 82 N. C., 252; *Junge v. MacKnight,* 137 N. C., 285, 49 S. E., 474; *Currie v. Mining Co.,* 157 N. C., 209, 72 S. E., 980; *Land Bank v. Davis,* 215 N. C., 100, 1 S. E. (2d), 350.

A judgment is irregular which is entered on a verdict not bottomed on or supported by the pleadings.   In this case no evidence was offered for the consideration of the jury.   The verdict of the jury justifies but one conclusion.   It is apparent that the answers to the issues were reached pursuant to the consent of those parties to be benefited thereby, rather than pursuant to proper allegations and supporting evidence.   If this is not the fact, how then did the jury reach such a verdict?   There are

approximately eighty-five parties to this proceedings.  The petitioners and all the answering respondents, except David Carter and Winston Carter, allege or admit that all the parties to this proceedings are tenants in common, are owners and in possession of the lands described in the petition.  David Carter and Winston Carter allege in their answer that Nelson Smith and wife, Eliza Smith, are dead and left surviving them only two heirs, to wit, Frances Smith French and Carolina Smith Carter; and that the heirs of Frances Smith French are seized and possessed of a one-half interest in the aforesaid lands, and that David and Winston Carter are seized and possessed of a one-half interest in said lands. These respondents further allege that they and the heirs of Frances Smith French have been in open, notorious, adverse and continuous possession of the lands described in the petition for more than twenty years, and plead the statute as a bar of any interest which the other respondents might have had in said lands.

The amended petition alleges that David Carter is entitled to a one-one-hundred-and-fortieth interest in said lands, and Winston Carter and others, as a class, are entitled to a one-thirty-fifth interest in said lands. The verdict of the jury is not supported by a single allegation in the amended petition or in the answers filed by the answering respondents. Why were issues not submitted on the cross action and the plea of title by adverse possession?  Under the verdict of the jury, the heirs of Bill Smith are adjudged the owners of a one-fifth interest in said lands; whereas, in the answer of David and Winston Carter, it is alleged that Nelson Smith and wife, Eliza Smith, left only two heirs, to wit, Frances Smith French and Carolina Smith Carter.  The amended petition sets forth with the same clarity the interests of the appellants herein, that it does the interest of the appellees, and since all the allegations in the pleadings were completely ignored by the jury, and no evidence was offered at the trial of this cause, unquestionably the jury was directed to answer the issues as they appear in the record.

The pleadings disclose that David Carter and Winston Carter are lineal descendants of Carolina Smith Carter, who is dead, leaving many other heirs who are parties to this proceedings.  David and Winston Carter, under the verdict herein, are adjudged to be the owners of a one-fifth interest each in the lands in controversy.  All the other heirs of Carolina Smith Carter are excluded by the verdict from any interest in said lands.  The pleadings further disclose Pattie Sampson, James Smith and Hardy Smith, children of Nelson Smith and wife, Eliza Smith, are dead, but each of them left heirs who are parties to this proceedings.  All the heirs of these three children of Nelson Smith and wife, Eliza Smith, are also excluded by the verdict from any interest in said lands.

No satisfactory explanation, other than that heretofore suggested, can be given for a verdict and judgment barring the appellants of their interest in the estate of Nelson Smith and wife, Eliza Smith.

The judgment entered herein is irregular, but a judgment will not be set aside for irregularity alone. This Court said, in *Duffer v. Brunson, supra:* "But mere irregularity is not sufficient to warrant an order setting aside the judgment. It is essential for the moving party to show not only that he has acted with reasonable promptness, but that he has a meritorious defense against the judgment. As suggested in *Harris v. Bennett,* 160 N. C., 339, 347, 'Unless the Court can now see reasonably that defendants had a good defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside?' *Hill v. Hotel Co., ante,* 586; *Gough v. Bell,* 180 N. C., 268; *Rawls v. Henries,* 172 N. C., 216; *Glisson v. Glisson,* 153 N. C., 185." The allegations in the verified motion upon the *quantum* of interest of the appellants in the lands in controversy, which allegations are supported by the facts alleged in the amended petition, are sufficient to show a meritorious defense.

The appellants except to the irregular procedure incident to the appointment and acts of the guardian *ad litem.* The guardian *ad litem* was appointed the day the case was tried. He accepted service of summons, copies of the pleadings, and filed his answer the same day. No such haste is contemplated under the provisions of Consolidated Statutes of North Carolina, section 451. In the case of *Moore v. Gidney,* 75 N. C., 34, the Court said: "When infant defendants, in a civil action or special proceeding, have no general or testamentary guardian, before a guardian *ad litem* can be appointed, a summons must be served upon such infant, and a copy of the complaint also be served or filed according to law. After the guardian *ad litem* is thus appointed in a special proceeding, a copy of the complaint, with the summons, must be served on the guardian. All this does not give the court jurisdiction to proceed at once in the cause; for it is further provided, that not until after twenty days' notice of said summons and complaint, and after answer filed, can the Court proceed to final judgment and decree therein. . . . So careful is the law to guard the rights of infants, and to protect them against hasty, irregular and indiscreet judicial action. Infants are, in many cases, the wards of the courts, and these forms, enacted as safeguards thrown around the helpless, who are often the victims of the crafty, are enforced as being mandatory, and not directory, only. Those who venture to act in defiance of them, must take the risk of their action being declared void, or set aside." *Welch v. Welch,* 194 N. C., 633, 140 S. E., 436.

Upon filing an answer a case is not at issue until after the expiration of ten days. C. S. of North Carolina, sec. 557; *Cahoon v. Everton,* 187

N. C., 369, 121 S. E., 612. By consent of the parties, the provisions of the statute may be waived, but no such waiver appears here.

The only other exception we deem necessary to be considered is to the refusal of his Honor to make W. S. Britt, who holds a deed for the interests of David and Winston Carter in the lands in controversy and who purchased the said lands at the commissioner's sale, pursuant to the verdict and judgment rendered in this cause, a party.

W. S. Britt is a necessary party to this proceedings and the motion of appellants to make him a party should have been allowed, unless all the parties to the proceedings ratify the sale and agree that their respective interests shall be transferred to the proceeds from said sale. *Currie v. Mining Co., supra.* We do not agree, however, with the contention of W. S. Britt that he is an innocent purchaser for value and entitled to protection as such. An attorney of record in a proceedings in which an irregular judgment is entered, who purchases property pursuant to the terms of said judgment, is necessarily charged with knowledge of all the facts and circumstances incident thereto, and is not an innocent purchaser.

The judgment herein is irregular, the appellants have shown a meritorious defense, and the judgment below is

Reversed.