THE CITY OF HENDERSONVILLE v. SALVATION ARMY, AND ANY UN-
KNOWN PERSONS WHO MAY HAVE AN INTEREST IN THE NOTES, SECURITIES,
LIENS AND OTHER EVIDENCES OF INDEBTEDNESS MENTIONED IN THE COMPLAINT.

(Filed 19 March, 1958)

**Judgments § 25:　Municipal Corporations § 34:　Parties §　10—**

Where the proceeding foreclosing a street assessment lien upon service
by publication is in all respects regular on its face, and the municipality
purchases at the foreclosure, and thereafter conveys the property, mo-
tion in the cause to set aside the judgment on the ground of defective
service should not be heard without the joinder of the purchasers of
the land, who are the real parties in interest, since the ultimate relief
must depend upon the recovery of the land from the purchasers, who
would have no recourse against the city if their title should prove invalid.

APPEAL by plaintiff from *Campbell, J.,* at November Term, 1957, of
HENDERSON.

Motion in the cause by the defendant to set aside judgments and
proceedings in a foreclosure suit for alleged want of jurisdiction.

The suit was brought in 1940 to foreclose city paving assessment
liens against a lot belonging to the defendant. The plaintiff, relying
on service by publication, obtained judgment by default decreeing
that the lot be sold by a commissioner. At the sale the lot was bid ir
by the plaintiff City of Hendersonville. Following confirmation, the
commissioner conveyed the lot to the City by deed dated 20 Novem-
ber, 1940, duly registered in the Public Registry of Henderson County.
Thereafter, by deed dated 18 September, 1943, the City sold and con-
veyed the lot to Charles J. McFadden and wife, Eva J. McFadden. This
deed was filed for registration 4 October, 1943, and is duly recorded.

The motion in the cause was filed by the defendant in April, 1957.
It was heard by the clerk after notice to the plaintiff City of Hender-
sonville. No notice or process of any kind was served on the McFad-
dens, and they have made no appearance. The clerk entered judgment
denying the motion. On appeal to the Superior Court, Judge Campbell
found facts as follows:

"1. That summons was issued in this cause in favor of the plaintiff,
*City of Hendersonville v. Salvation Army,* on the 12th day of March
1940, and that a printed form Complaint *verified by the Mayor of
Hendersonville* with his facsimile signature stamped thereon, was
filed on the same date as the issuance of summons. (Italics added.)

"2. That the said complaint contained the allegation, that the de-
fendant was a nonresident of the State of North Carolina and could
not after due diligence be found within the State of North Carolina,
and thereupon *the Clerk entered an Order* which was stamped with
the facsimile signature of George W. Fletcher, Clerk of the Superior

Court of Henderson County, directing that service of summons be had by publication, according to law. (Italics added.)

"3. That no affidavit to obtain service by publication was filed other than contained in the complaint.

"4. That at the time of the institution of the said suit there were located in the State of North Carolina more than twenty posts, citadels and offices of The Salvation Army, and one of said citadels and offices was located in Asheville, Buncombe County, North Carolina, the adjoining County to Henderson; that upon the foregoing facts from the record in this cause the court is of the opinion that no due diligence on the part of the plaintiff or the Sheriff was exercised in an effort to serve the defendant with summons personally as required by law."

On the facts found the court concluded that the defendant was never served "with summons as contemplated and required" by law, and that the court "acquired no jurisdiction of the Salvation Army . . ." Judgment was entered reversing the clerk and decreeing that the judgments and all proceedings in the foreclosure suit be set aside. From this judgment the plaintiff appeals.

*Arthur B. Shepherd and B. A. Whitmire for plaintiff, appellant.*
*Carl W. Greene and Guy Weaver for defendant, appellee.*

JOHNSON, J.   Aside from court costs, the plaintiff City of Hendersonville has no pecuniary interest in the outcome of this proceeding. The land which it purchased at the foreclosure sale has been sold and conveyed to McFadden and wife. If the title acquired by them should prove invalid, they have no recourse on the City. *Wilmington v. Merrick,* 234 N.C. 46, 65 S.E. 2d 373; *Turpin v. Jackson County,* 225 N.C. 389, 35 S.E. 2d 180. Accordingly, the McFaddens are now the real parties in interest. Yet they were neither pleaded into the case nor given notice of the proceeding below.

In this state of the record the McFaddens would not be bound by the outcome of the instant proceeding, nor would the final adjudication of this phase of the proceeding affect title to the land as against the McFaddens. However, since the defendant's single purpose and ultimate objective can be nothing short of recovery of the land from the McFaddens, we think they should be pleaded into the case and, with title to the land placed in issue, given an opportunity to defend before the instant challenge to the foreclosure proceeding is finally adjudicated. The foreclosure proceeding, including service by publication, being regular on its face (*Brown v. Doby,* 242 N.C. 462, 87 S.E. 2d 921), the McFaddens may call to their aid defenses which are not available to the plaintiff City. *Harrison v. Hargrove,* 109 N.C. 346, 13 S.E. 939; S. c., 120 N.C. 96, 26 S.E. 936; *Glisson v. Glisson,* 153 N.C. 185, 69 S.E.

55; *Rawls v. Henries,* 172 N.C. 216, 90 S.E. 140; *Livestock Co. v. Atkinson,* 189 N.C. 250, 126 S.E. 610; *Graham v. Floyd,* 214 N.C. 77, 83, 197 S.E. 873. See also *Grady v. Parker,* 228 N.C. 54, 44 S.E. 2d 449; *Parker v. Trust Co.,* 235 N.C. 326, 69 S.E. 2d 841; *Doyle v. Brown,* 72 N.C. 393; McIntosh, North Carolina Practice and Procedure, Second Ed., Sec. 1715.

We have not overlooked the decisions in *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311, and *Harrison v. Hargrove, supra* (109 N.C. 346), wherein this Court did not challenge piecemeal procedure similar to that sought to be followed by the defendant in this case. However, in a case like this one we think the ends of justice require that the entire controversy, including the question of title to the land, should be adjudicated in a single trial or hearing. See *Glisson v. Glisson, supra* (153 N.C. 185). See also *White v. White,* 179 N.C. 592, 103 S.E. 216, wherein *Clark, C. J.,* speaking for the Court in a case factually similar to the instant one, said, at bottom of page 601: "We think the present owner of the property, the Protestant Episcopal Church, as devisee of Mrs. White, should have been a party defendant."

We intimate no opinion as to the merits of the ruling below. The judgment is vacated without prejudice to either side. The cause will be remanded for proceedings as herein directed. Let each party pay half the costs.

Remanded.