PEOPLES BANK & TRUST COMPANY, GUARDIAN AND ADMINISTRATOR OF W. L. GROOM, v. TAR RIVER LUMBER COMPANY, A CORPORATION.

(Filed 20 September, 1944.)

**Receivers § 12a: Corporations § 34—**

Upon objections filed by a creditor of a corporation in the hands of a receiver to an order allowing a claim against such corporation, which order adjudicated material and controverted issues of fact without consent, evidence, or findings, the objections alleging facts which if true would constitute a valid defense to such claim, there is error in the trial court's denial of a motion to set aside the allowance of such claim and refusal to grant a hearing on the objections. G. S., 55-153.

APPEAL by movent S. T. Anderson from *Thompson, J.,* at June Term, 1944, of NASH. Error and remanded.

Motion in the cause made by S. T. Anderson to set aside so much of a previous order of the court as approved the allowance of a claim by the receivers of defendant Lumber Company.

This case was here at Spring Term, 1944, and is reported *ante,* 153. On that appeal error was found and the cause remanded for further consideration of the matters presented by the motion of S. T. Anderson to vacate the order allowing the claim of the W. L. Groom Estate represented by plaintiff Bank. Upon the consequent hearing, the court below, after considering the motion, and the record and affidavits offered, again denied the motion, largely on the ground that S. T. Anderson was estopped to contest the claim of the Groom Estate, and that no meritorious defense to the allowance of that claim had been shown.

The movent excepted to this ruling and appealed.

*F. S. Spruill for appellee.*
*John F. Matthews and G. M. Beam for appellant.*

DEVIN, J. The order to which movent's motion was directed approved the allowance by the receivers of defendant Lumber Company of the claim of W. L. Groom, represented by plaintiff Bank, to the amount of $87,000, a sum so large compared with available assets in the hands of the receivers that if allowed movent's personal claim would be greatly diminished.

The validity of the order in so far as it approved this allowance is assailed by the movent on the ground that it was entered without notice, was contrary to the course and practice of the court and irregular, and was ineffective to determine the matters in controversy. He asks that the order be set aside to the extent that he be permitted to file exceptions to the allowance of this claim *nunc pro tunc,* and have the issue adjudicated in accordance with the provisions of the statute. 2 G. S., 55-153.

In order to determine the question presented by the appeal it is necessary to examine the entire record and review the procedure in chronological order.

On 2 April, 1941, plaintiff Bank, as guardian of W. L. Groom, instituted action against defendant Tar River Lumber Company, alleging defendant's insolvency and an indebtedness to Groom of $97,000. J. P. Bunn and Thorp & Thorp were the attorneys representing plaintiff. Using the complaint as an affidavit, application was made to the court for the appointment of a receiver. Thereupon the court appointed J. P. Bunn and W. L. Thorp, of plaintiff's counsel, temporary, and later permanent, receivers. Summons and complaint having been served on defendant Lumber Company, the latter through its attorneys, Battle,

Winslow & Merrell, filed answer, verified by S. T. Anderson, secretary of the Lumber Company, in which the allegations of indebtedness to Groom were denied and the statute of limitations pleaded as to part of this claim. It was admitted that the defendant Lumber Company was presently unable to meet its obligations.

On 4 September, 1941, the receivers made report that claims of Groom $87,000, S. T. Anderson $8,500, Anderson Sisters $2,990, had been filed, and recommended that these be allowed as general claims. Receipt of copy of this report was acknowledged by Battle, Winslow & Merrell, attorneys for S. T. Anderson and Anderson Sisters, and by the trust officer of plaintiff Bank.

On 4 October, 1941, upon petition of the receivers, the court appointed K. D. Battle and I. D. Thorp attorneys for the receivers.

On 9 October, 1941, Judge Carr, upon the receivers' report, made an order allowing the claims of Groom, Anderson and Anderson Sisters in the above amounts. It was found that after paying taxes and preferred claims a balance of $9,241.59 remained, and a dividend of 6% was ordered.

On 7 August, 1942, I. D. Thorp and K. D. Battle filed petition for allowances as attorneys, setting out that services performed for the receivers and for which they asked compensation included services rendered the receivers from the beginning of the litigation, before and in anticipation of their formal appointment by the court. Allowances were accordingly ordered by Judge Bone stating "The court ratifies the action of the receivers in availing themselves of the use of the attorneys prior to the actual appointment thereof."

On 8 August, 1942, S. T. Anderson, through his attorney, I. T. Valentine, petitioned for and obtained leave to sue the receivers, and filed complaint alleging validity of his claim for unpaid salary, and alleging invalidity of the claim of Groom. To this complaint the receivers through Thorp & Thorp, attorneys, answered alleging validity of the Groom claim. At May Term, 1943, Anderson took a voluntary nonsuit, and at the same term, through J. F. Matthews, attorney (Valentine having entered U. S. Army), filed motion upon notice in the original cause that so much of the order of 9 October, 1941, as allowed the Groom claim be vacated as irregular and contrary to the course and practice of the courts.

In his affidavit in support of his motion, S. T. Anderson, after setting out in detail the facts hereinbefore referred to, alleged, among other things, that he had employed Mr. Battle to represent him and file his claim with the receivers; that the order of 9 October, 1941, was made without notice to him, and without his knowledge or consent; that the receivers in recommending, and, likewise, the court in ordering allow-

ance of the Groom claim, were inadvertent to the denial of this indebtedness in the answer and to the objection to its allowance; that as soon as he learned of the order of 9 October, 1941, he took steps seeking to have it vacated; that conceding the good faith of the attorneys appearing in the cause, they had as a matter of fact appeared in dual capacities contrary to the policy of the courts, rendering the acts done and permitted in consequence irregular and void; that the order was made by Judge Carr in the cause without hearing any evidence when there was an issue of fact as to the validity of the Groom claim raised by the pleadings. Movent set out in detail the facts upon which he relied to show the invalidity of the Groom claim and such as would constitute a meritorious defense thereto. These included allegations, (a) that the claim was represented by notes issued without authority of defendant Lumber Company in renewal of notes barred by statute of limitations; (b) that Groom was advanced by the defendant Lumber Company large sums to pay obligations of Swansboro Lumber Company on which Groom was endorser, and that large sums were paid by the defendant Lumber Company to Groom as dividends when the Company was not financially able to do so, which sums so wrongfully received should be pleaded as a setoff by the receivers; (c) that Groom drew more than $100,000 as salary when no services were rendered. He asked that so much of the order of 9 October, 1941, as allowed the Groom claim be set aside and that he be permitted to file exceptions to this claim as filed.

In view of the matters alleged by the movent with reference to the attorneys, at the request of the receivers the court appointed F. S. Spruill to represent the receivers in connection with this motion. Answer to the motion was filed and upon the hearing Judge Williams denied the motion. Upon appeal, error was found and the cause remanded (*ante,* 153). In view of the opinion of this Court, the receivers asked the Superior Court for advice, and were advised that as receivers they had no official interest in the motion and were not required to resist it, and F. S. Spruill was relieved of further duties as their attorney. However, the plaintiff Bank, representing the Groom Estate through Mr. Spruill as their attorney, answered the motion, setting up that Anderson was estopped by reason of an agreement which he had entered into that Groom's claim be fixed at $87,000 in consideration of certain payments to Anderson of $2,602.75 which he received as well as dividends on his claim.

Plaintiff Bank filed a further answer to the motion in which it referred to its proposal that the order of 9 October, 1941, be vacated if Anderson would refund the $2,602.75 received under the alleged agreement, and noted Anderson's refusal to make such refund. In further answer to the allegations in the motion contained in the clause designated (a),

respondent Bank alleged the notes were duly authorized, were for value, and carried on the books of the corporation; and that Anderson as secretary, stockholder and director having witnessed and sealed the notes and authorized their execution was estopped to deny their validity; (b) that the transactions with Swansboro Lumber Company were authorized by stockholders and directors of both companies, including Anderson, and that all dividends were authorized by the Board of Directors, including Anderson, who voted for and received dividends thereunder and is now estopped to complain; that no dividends were paid since 1929; (c) that salary paid Groom was duly authorized by the directors, including Anderson, and he is now estopped to complain.

Minutes of Board of Directors of Tar River Lumber Company and Swansboro Lumber Company, and affidavits and audits were offered in evidence.

The court below, upon consideration of the motion and this evidence, in the judgment made reference to an alleged agreement between Anderson and representatives of the Groom Estate, which was denied by Anderson, and announced that the order of 9 October, 1941, would be set aside if Anderson would refund to the Groom Estate the sum of $2,602.75 received by him, and upon Anderson's refusal to do so entered the following order: "The court being of opinion that S. T. Anderson should not be permitted to retain benefits received under an alleged agreement which he disavows and repudiates, but should be required to restore the Groom Estate to *stalus quo* by restoring those benefits before being permitted to proceed with his motion herein; it is therefore hereby ordered and adjudged that S. T. Anderson's motion to set aside the October 9, 1941, order be and the same is hereby denied, both in the discretion of the court and as a matter of law."

The court further concluded that Anderson did not have a meritorious defense to the Groom claim and found the facts contrary to Anderson's allegations and in accord with plaintiff's answers as set out in the paragraphs designated (a), (b) and (c), and held that in each instance Anderson, having been a party to the several transactions as stockholder, director and secretary-treasurer of the defendant Lumber Company, was estopped to complain.

We have found it necessary to set out the facts appearing in the record at some length. However, it is apparent that the order of 9 October, 1941, was improvidently entered for that an adjudication was made of material and controverted issues of fact without consent, evidence or finding. While the attorneys were acting in utmost good faith, they were in several instances appearing in dual capacities, and were inadvertent to all the circumstances which now appear, as indeed were the able and conscientious judges who made the orders in question.

Nor do we think the motion should now be denied upon a finding and adjudication that the movent by virtue of his relationship to the defendant Lumber Company and its transactions was estopped to contest the validity of the Groom claim. He should not be denied a hearing because he declined the plaintiff's proposition to refund money alleged to have been received pursuant to an agreement which he denied, in the absence of evidence, admission or finding that such an agreement had been made. There was no adjudication by the court as to the irregularities complained of in movant's motion.

It is apparent that if the Groom claim alleged in the original complaint and denied in the answer of the defendant Tar River Lumber Company was in fact invalid and this claim constituted ninety per cent of the total indebtedness, then the Lumber Company may not have been insolvent, and the corporation had an interest adverse to that of the plaintiff Bank, vitally affecting the receivership. It was upon this controverted claim that the receivership was ordered.

While the court found Anderson had no meritorious defense to the Groom claim, we think the movent has set up facts in his motion and offered evidence on the hearing which if true would constitute a valid defense to the claim. The question is not whether there was any evidence to the contrary, but whether an apparently good defense has been shown. *Glisson v. Glisson,* 153 N. C., 185, 69 S. E., 55; *Cayton v. Clark,* 212 N. C., 374, 193 S. E., 404; *Simms v. Sampson,* 221 N. C., 379 (389), 20 S. E. (2d), 554.

There is error in the ruling below. On this record we think that so much of the order of 9 October, 1941, as approved and allowed the Groom claim should be set aside, and the movent S. T. Anderson permitted to file exceptions to the receivers' report, to the end that proper proceedings be undertaken to determine the issues raised as to this claim, as provided in 2 G. S., 55-153, or in any manner to which the parties may agree.

Error and remanded.