CHLOE PRICE GARDNER, HANNAH M. PRICE, HELLEN POTTER PRICE, AND ALICE WALKER PRICE v. JOHN A. PRICE AND WIFE, LILLIAN E. PRICE.

(Filed 21 September, 1955.)

**1. Judgments § 10—**

A judgment by default final upon a complaint supporting a judgment by default and inquiry only, is not void, but is voidable at the election of defendants, and is valid until vacated in the manner provided by law.

**2. Judgments § 26—**

Where judgment by default final, rather than a judgment by default and inquiry, is entered, and a motion to set aside the judgment is heard and denied without exception and appeal, a later motion in the cause to set aside the judgment, made some twelve years thereafter, is barred by the lapse of time, the default judgment being irregular but not void.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Nimocks, J.*, December Term, 1954, BEAUFORT. Affirmed.

Civil action to set aside a deed upon the grounds of lack of mental capacity, fraud, undue influence, and failure of consideration, heard on motion to vacate a judgment by default final.

This action was begun 31 December 1941. Complaint was duly filed and copies of summons and complaint were served on the defendants 1 January 1942. No answer was filed within the time provided by law, and, on 9 February 1942, judgment by default and inquiry was entered by the clerk. At the September Term, 1944, judgment by default final was entered. No inquiry was had. On 8 April 1954, the defendants filed a motion to set aside this judgment. This motion in the cause was denied, and the defendants appealed.

*Rodman & Rodman, Bryan Grimes, James B. McMullan, and A. W. Bailey for plaintiff appellees.*

*P. H. Bell and Charles V. Bell for defendant appellants.*

BARNHILL, C. J. The appellants in their oral argument rested their case squarely on the contention that the judgment by default final entered in 1944 is void, and that, therefore, they are not barred by lapse of time. *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311. This contention cannot be sustained. Where a judge enters a judgment by default final when the complaint will not support anything more than a judgment by default and inquiry, the judgment is irregular and voidable—not void—at the election of the defendants. *Ellis v. Ellis,* 190 N.C. 418, 130 S.E. 7; *Finger v. Smith,* 191 N.C. 818, 133 S.E. 186; *Hinton v. Whitehurst,* 214 N.C. 99, 198 S.E. 579. It is valid until vacated in the manner provided by law.

Furthermore, it is made to appear that in 1942 these defendants employed counsel, appeared, and moved to vacate the judgment here at issue. The motion was heard at the September Term, 1944. Upon said hearing the judge entered judgment denying the motion. Defendants did not except and appeal. They are not entitled to a second bite at the same cherry.

Whether the judgment by default final vacates the deed plaintiff sought to annul is still an open question.

The defendants have slept on their rights—if any they had—and must suffer the consequences. The judgment entered in the court below is

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.