ESSIE H. EDWARDS v. BROWN'S CABINETS AND MILLWORK, INC., AND
LEO HARPER, SHERIFF OF LENOIR COUNTY

No. 828SC378

(Filed 16 August 1983)

**1. Judgments § 35.1— inapplicability of res judicata—no identity of issues**

An action involving the determination of the liability of plaintiff's
daughter upon an account was not *res judicata* in plaintiff's action to remove a
cloud on title to real property conveyed to plaintiff by her daughter after an
order of attachment had issued in the action against the daughter since there
was no identity of issues in the two cases.

**2. Courts § 9.4— summary judgment—no overruling of another judge's order**

The trial judge's allowance of defendant's motion for summary judgment
on the ground that the present action is barred by the judgment in a prior ac-
tion did not overrule another judge's order denying defendant's motion to
dismiss for lack of jurisdiction.

**3. Attachment § 5; Lis Pendens § 1— defective levy of attachment—no invalida-
tion of lis pendens—judgment binding on subsequent property owner**

Although an order of attachment issued against property later acquired
by plaintiff from her daughter was not properly executed in that the levy was
not carried out within the ten days provided by G.S. 1-440.16(c), the defective
levy was a non-jurisdictional procedural defect which did not invalidate the
docketing of *lis pendens* notice of the order of attachment and which did not
prohibit the judgment against plaintiff's daughter from relating back to the
docketing of *lis pendens* and from being binding on the plaintiff. Plaintiff's
proper remedy to attack the attachment of the property she acquired from her
daughter was by a motion in the cause pursuant to G.S. 1-440.36 or G.S.
1-440.37, and her action to remove a cloud on her property because of the at-
tachment thereof constituted an impermissible collateral attack on the judg-
ment in the prior case.

APPEAL by plaintiff from *Llewellyn, Judge.* Judgment en-
tered 25 January 1982 in Superior Court, LENOIR County. Heard
in the Court of Appeals 16 February 1983.

This is a civil action wherein plaintiff seeks to remove a cloud on her title to certain real property and to enjoin the sale of that property by the defendant Sheriff of Lenoir County to satisfy a monetary judgment held by defendant Brown's Cabinets and Millwork, Inc., against plaintiff's predecessor in title.

The judgment which defendant seeks to have satisfied is the result of a prior civil action instituted in Duplin County by defendant (Brown's) against plaintiff's predecessor in title (Elmore), who is also plaintiff's daughter. As an ancillary proceeding to the judgment in that action (*Brown's v. Elmore*), Brown's secured the issuance of an order of attachment of certain real property held by Elmore in Lenoir County, pursuant to G.S. 1-440.1 *et seq.* Notice of the issuance of the order was filed in Lenoir County by the Clerk of Superior Court and entered on the *lis pendens* docket on 24 August 1979. On 27 August 1979, the Sheriff of Lenoir County received the order from the Clerk directing him to attach Elmore's property. The sheriff levied on the property on 7 September 1979. The endorsed order of attachment and other documents noting the levy were returned to the Clerk and filed on 9 September 1979. Prior to the levy, on 6 September 1979, Elmore conveyed the land described in the order of attachment to plaintiff by general warranty deed.

The action proceeded to trial and judgment for Brown's was filed on 19 February 1980. Elmore appealed from this judgment and the Court of Appeals upheld the trial court in an unpublished decision filed 17 March 1981.

Pursuant to that judgment, public sale of the attached land was set for 9 December 1981. Plaintiff received notice of the sale on 10 November 1981. Plaintiff initiated this action by filing a complaint seeking a temporary restraining order, preliminary and permanent injunctions restraining the sale of the land, and seeking to remove the attachment in *Brown's v. Elmore* as a cloud on her title. A temporary restraining order was issued on 3 December 1981 and a preliminary injunction was issued on 11 December 1981.

In her complaint, plaintiff alleged that certain irregularities in the order of attachment respecting the land conveyed to her by Elmore invalidated the judgment lien asserted by defendant. Defendant answered, asserting as affirmative defenses that plain-

tiff's action was barred by the doctrine of *res judicata* and that plaintiff's action constituted an improper collateral attack on the prior judgment.

The parties moved for summary judgment and a hearing on the motions was held on 11 January 1982. From a judgment granting defendant's motion and denying plaintiff's motion, plaintiff appealed.

*White, Allen, Hooten, Hodges & Hines, by John C. Archie, for plaintiff appellant.*

*Wells, Blossom & Burrows, by Richard L. Burrows, for defendant appellees.*

JOHNSON, Judge.

[1] The primary issue in this appeal is whether the trial court acted properly in awarding summary judgment to defendant. Plaintiff first argues that the doctrine of *res judicata*, asserted as an affirmative defense by defendant, does not apply in this case to bar her action to have the judgment lien on her property removed as a cloud on her title. We agree with plaintiff on this point. In order for the doctrine of *res judicata* to apply, there must be "a final judgment or decree, necessarily determining a fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and . . . a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit." (Citations omitted.) *King v. Grindstaff,* 284 N.C. 348, 355, 200 S.E. 2d 799, 805 (1973), *quoting Masters v. Dunstan,* 256 N.C. 520, 124 S.E. 2d 574 (1962). "*Res judicata* deals with the effect of a former judgment in favor of a party upon a subsequent attempt by the other party to relitigate the same cause of action." *Id.* at 355, 200 S.E. 2d at 804. The cause of action in *Brown's v. Elmore* involved the determination of the liability of plaintiff's daughter for monetary damages under an account. The present action was brought to remove a cloud on title to real property conveyed to plaintiff after an order of attachment had issued. The required element of identity of issues is not present in this case and *res judicata* does not apply.

[2] In her third argument, plaintiff contends that the trial judge erred in granting defendant's motion for summary judgment

because another Superior Court judge had previously denied defendant's motion to dismiss for lack of jurisdiction. Plaintiff argues that by granting summary judgment, one Superior Court judge, in effect, overruled another Superior Court judge. We find no merit to this argument. The motion to dismiss was based on jurisdictional grounds whereas the motion for summary judgment raised the affirmative defense that the present action was barred by the judgment in the prior action. Since the basis for each motion was different, the trial judge's award of summary judgment did not overrule the prior order denying defendant's motion to dismiss.

[3] Plaintiff's remaining arguments are related and will, therefore, be considered together. Plaintiff argues that her action is one to remove a cloud on her title and is not an attack on the *Brown's v. Elmore* judgment. The validity of that judgment, plaintiff contends, has nothing to do with the validity of the attachment ancillary thereto that is the cloud on plaintiff's title. Since plaintiff does not attack the validity of that judgment, she argues, her action cannot be termed a collateral attack on it. Concededly, plaintiff never questions the validity of the judgment in *Brown's v. Elmore*, nor does she ask us to invalidate it. Rather, plaintiff argues that she seeks only to invalidate the attachment of Elmore's property, to which she now claims title, that occurred prior to that judgment.

Careful scrutiny reveals that these arguments are inconsistent and, in the present context, without merit. Whether plaintiff's attack on the ancillary attachment constitutes an attack on the judgment proper depends on the same issues that determine whether her attack would be proper if it were a collateral attack. Further, the question of the validity of the attachment, assuming that plaintiff's attack on it is properly advanced, would necessarily affect the validity of the judgment.

Plaintiff argues that the judgment in *Brown's v. Elmore* is not binding as to her because the order of attachment issued against the property that she later acquired from her daughter, defendant Elmore, was not properly executed. Plaintiff points out and the record discloses that the levy by the Sheriff under the order was not carried out within the ten days provided for that purpose by statute. G.S. 1-440.16(c). Plaintiff argues that this

failure to levy within the time provided by law invalidates the order of attachment. In support of her position, plaintiff cites the case of *Robinson v. Robinson*, 10 N.C. App. 463, 179 S.E. 2d 144 (1971), where this Court held a levy invalid because it did not take place until after the time allowed by the statute had expired. Without a valid levy, the order of attachment is not perfected so as to create a lien of attachment, but remains executory until tolled by judgment in the principal action, G.S. 1-440.16, or until perfected by a levy under an alias or pluries order. G.S. 1-440.13.

When an order of attachment is perfected by a levy, a lien of attachment is created thereby which establishes the lienor's claim as against all other creditors and subsequent lienors. The date to which the lien relates back and fixes the priority of the claim is established, with respect to real property, is the time at which the notice of the order of attachment is docketed in the record of *lis pendens* in the county where the property is located. G.S. 1-440.33(b)(1). A person claiming under a conveyance or encumbrance executed subsequent to the docketing of the notice of the order with respect to the property conveyed or encumbranced takes subject to the action whose pendency was so noted. *Cutter v. Realty Co.*, 265 N.C. 664, 144 S.E. 2d 882 (1965); Webster, Real Estate Law in North Carolina § 497 (1981).

Plaintiff argues that because the order of attachment was not properly executed, it cannot be the basis of a valid notice of *lis pendens* such that the principal judgment against her predecessor in title relates back to the docketing of *lis pendens* and is binding on plaintiff. We disagree.

Attachment is a proceeding ancillary to a pending principal action, is in the nature of a preliminary execution against property, and is intended to bring the property of the defendant within the legal custody of the court in order that it may be subsequently applied to the satisfaction of any judgment for money which may be rendered against defendant in the principal action.

G.S. 1-440.1. *Lis pendens*, literally "pending suit," is a statutory device by which the world is put on notice that an order of attachment has been issued with respect to certain real property owned by a party against whom a monetary judgment is sought and that the lien of attachment may be executed and the property

sold in satisfaction of the judgment. G.S. 1-116(a)(3); *Lawing v. Jaynes*, 20 N.C. App. 528, 202 S.E. 2d 334, *mod. on other grounds*, 285 N.C. 418, 206 S.E. 2d 162 (1974); Webster, *supra.*

Our research has disclosed no authority supporting plaintiff's proposition that the improper execution of an order of attachment invalidates the *lis pendens* docketing of the notice of its issuance. Nor does such a proposition follow logically. *Lis pendens* is designed to put third parties on notice that a suit is pending. Thus, insofar as the pending suit may adversely affect the claim of a third party, the onus of inquiry is on that third party regarding the nature and merits of the claim against the owner of the property. With regard to attachment, a method is provided by statute by which third parties whose interest in the attached property may be affected by the pending suit may attack the attachment. The statute applies to "any person who has acquired a lien upon or an interest in such property, whether such interest is acquired prior to or subsequent to the attachment." G.S. 1-440.43. The statute allows for the making of a motion, at any time prior to judgment in the principal action, to dissolve, G.S. 1-440.36, or modify, G.S. 1-440.37, the order of attachment. Inasmuch as this statutory method of third party attack on an attachment is available, the function of *lis pendens* would be to put a third party in a position to use it. This is the better view and we so hold. It is unacceptable to hold, as plaintiff would, that the efficacy of *lis pendens* to perform its designated function should depend on proper execution of the order which caused its entry.

This is not to say that plaintiff's argument is entirely without merit. If the attachment of property in the *Brown's v. Elmore* controversy was essential to the court's jurisdiction in that case, the failure to properly execute the order would nullify the court's assertion of jurisdiction and the judgment in that case would be void. *Pifer v. Pifer*, 31 N.C. App. 486, 229 S.E. 2d 700 (1976); *Mohn v. Cressey*, 193 N.C. 568, 137 S.E. 718 (1927). A void judgment may be attacked directly or collaterally by any party adversely affected thereby. *Carpenter v. Carpenter*, 244 N.C. 286, 93 S.E. 2d 617 (1956); *see also*, 8 N.C. Index 3d, Judgments § 17 (1977). However, the court in *Brown's v. Elmore* had personal jurisdiction and the judgment therein is valid notwithstanding the validity of the attachment. Where the defect complained of is contrary to the course and practice of the court but is non-jurisdictional,

---

Edwards v. Brown's Cabinets

---

the judgment is irregular and is voidable, but not void. *Menzel v. Menzel*, 254 N.C. 353, 119 S.E. 2d 147 (1961); 8 N.C. Index, Judgments, § 19 (1977). Such a judgment is binding on the parties until corrected or vacated in the proper manner. *Lumber Co. v. West*, 247 N.C. 699, 102 S.E. 2d 248 (1958). Unless a judgment is void, it is not subject to collateral attack. *Id.* An irregular or voidable judgment may only be properly attacked by a motion in the cause. *Id.; Menzel v. Menzel, supra.* In *Brown's v. Elmore*, the defective levy here complained of is a non-jurisdictional procedural defect and the judgment merely irregular. The proper method of attack is, therefore, by motion in the cause. *Lis pendens* and the statutory method of attack described above are designed to put a third party on notice of the pending action and provide a means to contest the attachment and perhaps thereby remove the property and purchaser from the operation of the judgment.

Prior to her purchase of the land from her daughter, plaintiff was on notice, via the *lis pendens* record in Lenoir County, of the pendency of the action with regard to which the land to which she now claims title had been attached. The same statute that authorized the attachment also provided plaintiff with the means of asserting by motion in the cause the argument she now seeks to advance by collateral attack. Having had sufficient notice and opportunity to contest the order of attachment properly, plaintiff is estopped from doing so in this independent proceeding. The judgment in *Brown's v. Elmore* and the attachment ancillary thereto remain in full force and effect as to plaintiff and the land she purchased from her daughter. The judgment appealed from is

Affirmed.

Judges WELLS and HILL concur.